February 22, 2018

VIA ECF
The Hon. John G. Koeltl
U.S. District Court,
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: Flores Zabaleta v. Duke; 17 cv 7512 (JGK)

Dear Judge Koeltl:

*Handwritten annotation:*
1. Conference adjourned to 3/13/18 at 4:30 P.M.
2. Counsel can discuss the potential motion to supplement at that conference.
So Ordered. /s/ JGK/Koeltl U.S.D.J. 2/22/18

We write in anticipation of our pre-motion conference that is scheduled before the Court today, February 22 at 2pm. The conference was ordered in response to the Defendants' letter of February 8, 2018, in which they declared their intention to file a motion to dismiss the within mandamus proceeding on the grounds of mootness. Since the instant Petition was filed, the AAO issued a decision dated December 26, 2017 (attached) denying the Petitioner's appeal of his denial of his application for Special Immigrant Juvenile Status ("SIJS"). We write to request leave to supplement our pleadings as described below.

Additionally, Plaintiff and Defendants jointly request adjournment of today's conference for two weeks in order to discuss the motions to dismiss and supplement at the same conference. In the alternative, the Government requests two weeks to respond to Plaintiffs' letter.

Plaintiff seeks leave to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure ("FRCP"). The AAO decision bases its denial, in part, on an erroneous interpretation of New York's Family Court Act which permits the State's Family Courts to exercise jurisdiction over cases involving youth between the ages of 18 and 21. Our Supplemental Complaint will allege, among other things, that the AAO's decision was "in excess of statutory jurisdiction, authority, or limitations" and "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* 5 U.S.C. §§ 706(2)(A) & (C).

By ignoring New York law establishing that a New York Family Court may exercise jurisdiction over the custody of an individual aged 18 to 21 by adjudicating guardianship, the AAO is adding an *ultra vires* requirement that to be a "juvenile court," the family court must be able to exercise jurisdiction over a SIJ applicant's custody without the applicant's consent. Such an ultra vires requirement is outside the agency's authority and violates INA § 101(a)(27)(J) and 5 U.S.C. § 706(2)(A), (C). It is also plainly misreading the relevant state law. A decision based on erroneous view of the law is necessarily arbitrarily and capricious. 5 U.S.C. § 706(2)(C).

Furthermore, the Administrative Procedure Act ("APA") requires that the agency demonstrate reasoned decision-making. By suddenly and inexplicably departing from its past practice of recognizing New York family courts as "juvenile courts" for SIJ purposes for individuals over the age of 18, the AAO has acted arbitrarily and capriciously. *See* 5 U.S.C. § 706(2)(C).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-22-18

Additionally, the AAO's denial was based in part on the bare assertion that "law enforcement agencies" believe Plaintiff to be a gang member, without any evidence to back that assertion. In violation of the agency's own regulations and the basic tenets of due process, the agency did not "disclose[] to the applicant" the derogatory information used against him nor provide him a meaningful "opportunity to rebut the information." *See* 8 C.F.R. § 103.2(b)(16). The agency failed to acknowledge or consider contrary evidence that Plaintiff is not a member of a gang but rather a target for gang assassination due to his cooperation with law enforcement against MS-13.

The agency's failure to consider the evidence, and lack of substantial evidence to support their decision, also violates the APA's prohibition of agency action that is arbitrary and capricious or an abuse of discretion. The agency exceeded its jurisdiction by second-guessing a SIJS Special Findings Order issued by the Suffolk County Family Court. As Congress delegated authority over such Special Findings to state juvenile courts due to their expertise in the best interests of children, *see* 8 U.S.C. § 1101(a)(27)(J), the agency's rejection of the content of the Family Court order – based on unsupported and immaterial allegations – exceeded its lawful role in adjudicating SIJS petitions.

Because there are common factual issues, common parties, and a common legal issue, a supplemental pleading is appropriate. *See, e.g., Raduga USA Corp. v U.S. Dept. of State*, 440 F.Supp.2d 1140 (S.D. Cal. 2006).

We apologize for the late notice of Plaintiff's decision, and stand ready to participate in today's conference, should the Court wish to proceed.

                Very truly yours,

                /s/

                Scott A. Foletta
                Counsel for Plaintiff
                Make the Road New York
                301 Grove St., Brooklyn, NY 11237
                (929) 244-3456
                scott.foletta@maketheroadny.org